329 S.E.2d 100

**Betty L. LUFF**

v.

**Edward T. LUFF.**

**No. 16443.**

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 29, 1985.

Decided April 12, 1985.

Richard W. Cardot, Elkins, for appellant.

S.J. Angotti, Morgantown, William A.
Beckett and Dan O'Hanlon, Beckett, Burford & James, Huntington, for appellee.

PER CURIAM:

Betty L. Luff appeals from a final order
of the Circuit Court of Monongalia County
which denied her petition to modify the
alimony provisions in a prior divorce decree. She contends that changes in her
personal circumstances merited an increase
in the duration and the amount of rehabilitative alimony.

The appellant and her former husband,
Edward T. Luff, were divorced after 36
years of marriage, by a decree entered
December 1, 1980. The couple had no minor children at the time of the divorce.
Mrs. Luff was granted alimony in the
amount of $500.00 per month for a period
of 24 months, with the first payment due
on January 1, 1981.[1] No appeal was taken
by either party.

The final payment was made on December 1, 1982. Approximately two weeks later, the appellant filed a verified petition
seeking to have payments extended for a
five-year period and increased to $1,000 per
month. She alleged that, since the entry of
the divorce decree, she had suffered a detrimental change of circumstances, that the
amount of alimony theretofore paid was
insufficient for her continued maintenance
and support, and that her former husband's
income had increased.

The appellee moved to dismiss the petition on the grounds that the temporary

---

1. The appellee's contention that the award made
to his former wife was not rehabilitative alimony is without merit. *See Molnar v. Molnar,*
173 W.Va. 200, 314 S.E.2d 73 (1984).

period of alimony had expired and that the petition was therefore not timely. The court denied the motion, finding that the petition was filed prior to the expiration of the rehabilitation period, but agreed to certify the question of timeliness to this Court. We refused to docket the certified question. The circuit court proceeded to hear the petition on its merits, found no change of circumstances, and denied the requested relief.

■ Before a petition to modify an award of alimony may be granted, the petitioner must show a substantial change of circumstances. *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983). The *Zirkle* standard is derived from *W.Va.Code*, 48–2–15 [1980], which provides, in pertinent part:

> Upon ordering a divorce, the court may make such further order as it shall deem expedient, concerning the maintenance of the parties, or either of them; ... and the court may, from time to time afterward, on the verified petition of either of the parties, revise or alter such order concerning the maintenance of the parties, or either of them, and make a new order concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice....[2]

The appellant presented evidence showing that she was 59 years old (in 1983); she had been married to the appellee for 36 and one-half years; at the time of the divorce decree, December 1, 1980, the appellant had recently graduated from West Virginia University and was actively engaged in looking for a job near her home in Philippi, Barbour County; her health had deteriorated since the time of the divorce; she was unable to find gainful employment; and she was unemployable, in the opinion of a vocational counselor.

Is the failure of a supported spouse, to whom rehabilitative alimony has been awarded, to attain the rehabilitative objective, such a change of circumstances that warrants modification of the award?

In *Molnar v. Molnar*, 173 W.Va. 200, 314 S.E.2d 73 (1984), where we explored the concept of rehabilitative alimony, we recognized the necessity for continuing jurisdiction, in anticipation of the failure of the supported spouse to become self-supporting before the end of the rehabilitative period. 173 W.Va. at 205, 314 S.E.2d at 78. The success of rehabilitation is but a hope, not a guarantee. Such uncertainty and its ramifications are well expressed in *Myrick v. Myrick*, 402 So.2d 452 (Fla.App.1981):

> The nature of rehabilitation is such that no court can ever be assured that it will, in fact, occur. If the awarded spouse has not reached the point, at the end of the prescribed period, where he or she can regain a useful and constructive role in society and maintain an appropriate lifestyle, the court making the award should be able to consider a petition by that spouse for an extension of the rehabilitative award or for conversion to permanent alimony, considering the appropriate criteria which would apply to all such controversies.

*See also Veach v. Veach*, 407 So.2d 308 (Fla.App.1981); *Cann v. Cann*, 334 So.2d 325 (Fla.App.1976).

■ "Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

■ The appellant carried her burden of showing a change of circumstances subsequent to the time of divorce, by demonstrating that the expectation of rehabilitation has not been fulfilled. The failure of the circuit court to consider such a change was an abuse of discretion. Therefore, the order of the Circuit Court of Monongalia County, denying the petition to modify, is reversed and this case is remanded with

---

**2.** The 1984 amendments to Article 2 of Chapter 48 of the *W.Va.Code* are not applicable to this case. *See W.Va.Code*, 48–2–36 [1984].

directions to reconsider the amount and duration of alimony to which the appellant is properly entitled. The court, on remand, may consider whether permanent alimony is appropriate.

Reversed and remanded, with directions.