382 S.E.2d 590

**Annetta Louise HOLLEY**

v.

**Randy Allen HOLLEY.**

No. 18671.

Supreme Court of Appeals of West Virginia.

July 21, 1989.

---

James A. Dodrill, Huntington, for Annetta Louise Holley.

Randy Allen Holley, Huntington, for Randy Allen Holley.

McHUGH, Justice:

This appeal raises a narrow question as to the responsibilities of a trial court or of a family law master when deciding the amount of child support. Believing that the trial court here failed to follow certain statutory requirements in this regard, we reverse and remand.

I

The appellant, Annetta Louise Holley, and the appellee, Randy Allen Holley, were divorced in January, 1986, by the Circuit Court of Cabell County, West Virginia ("the trial court"). The appellant was awarded custody of the parties' two minor children and, as an incident thereto, the exclusive possession of the marital home until the younger child reaches eighteen years of age. The divorce decree provided that the parties were to divide equally the costs of all major repairs to the marital home. Under the divorce decree the appellee was to pay to the appellant $250.00 per month as child support, commencing two years from the date of the decree, that is, in January, 1988.

After the divorce decree was entered, the marital home "fell into a state of disrepair," and the appellant was "forced" to move from the marital home because the appellee had failed or refused to comply with the requirement of the divorce decree that he share equally, with the appellant, the costs of all major repairs to the marital home. Upon moving from the marital home the appellant and the children resided for awhile with the appellant's parents. Upon the appellant's petition for modification of the divorce decree, the trial court, by an order entered in June, 1987, directed the appellee to begin paying $100.00 per month to the appellant as child support as of June 1, 1987, to be increased to $250.00 per month as of November 1, 1987. By the same order the trial court changed the possession of the marital home to the appellee.

In February, 1988, the appellant obtained an apartment for herself and the two children, at a monthly rental rate of $250.00. As a result thereof, the appellant's monthly expenses exceeded her monthly income. Consequently, in March, 1988, the appellant petitioned again for modification of the divorce decree to obtain an increase in the amount of monthly child support from the appellee. The family law master recused himself for just cause, and the trial court conducted a hearing on the appellant's petition for modification. No evidence was adduced at this hearing; the trial court heard only the arguments of counsel.

By an order entered in May, 1988, the trial court increased the monthly child support total by only $20.00 per month, to $270.00 per month. The court found that the amount of the appellant's apartment rent was reasonable under the circumstances. Despite expressing that it was "questionable" whether there had been a showing of a material, uncontemplated change of circumstances justifying a modification of child support, the trial court did find that the amount of child support should be increased by the amount aforesaid.[1]

---

1. The trial court in its order also expressed that "an insufficient amount of time" had elapsed since the previous modification of child support in June, 1987. Nonetheless, the trial court increased the amount of child support in the May, 1988 order in question.

In its order the trial court stated: "That under the circumstances of this case, the formula mandated under the Guidelines for Child Support Awards is not applicable, and the Court, therefore, elects not to use the formula." The appellant timely objected to the ruling of the trial court limiting the increase in child support to $20 more a month, including the trial court's failure to follow such guidelines. Computation of the amount of child support under the guidelines indicated to the trial court that the appellant should be entitled to $529.07 per month total child support.

## II

While the trial court expressed some reservations in ordering any increase in the amount of child support, it did award an increase. Therefore, the only question fairly raised on this record pertains to the amount of child support to which the appellant is entitled.

Effective October 1, 1987, federal law requires each state to establish guidelines for amounts of awards of child support. The guidelines may be established by statute or by judicial or administrative action. 42 *U.S.C.* § 667 (Supp. IV 1986). *See also* 45 *C.F.R.* § 302.56 (1988).[2]

*W.Va.Code,* 48A–2–8(a) [1986] required the director of the child advocate office, within the West Virginia Department of Human Services, to establish, by legislative rule, guidelines for child support award amounts. The current version of such legislative rules, effective May 2, 1988, is set

forth in 6 *W.Va.Code of State Rules* §§ 78–16–1 to 78–16–20.[3] *W.Va.Code,* 48A–2–8(a) [1986] implicitly provided for a rebuttable presumption that the amount of the award of child support which would result from the application of such guidelines is the correct amount of child support to be awarded: *"Such guidelines shall be followed* by the children's advocate, the family law master and the circuit court *unless,* in each instance, the advocate, master or judge *sets forth, in writing, reasons for not following the guidelines in the particular case involved."* (emphasis added)[4]

Likewise, the guidelines themselves refer to when the formula therein may be disregarded. If, after computing the amount of a child support award in accordance with the guidelines, the family law master or circuit court determines that the application of the support guidelines "are inappropriate as being contrary to the best interests of the children and the parties," the master or court "may disregard the formula and not follow the guidelines. In such instance, the court or master shall set forth, in writing, the reasons for not following the guidelines in the particular case involved." 6 *W.Va.Code of State Rules* § 78–16–19 (1988).[5]

Section 2.5 of the prior version of the guidelines stated that "the Melson formula," devised by a Delaware judge and used in that state, is the basis for the guidelines established for the State of West Virginia. The Melson formula is also the basis for

---

**2.** Under an amendment to 42 *U.S.C.* § 667 which will be effective on October 13, 1989, language is added which expressly provides for a rebuttable presumption that the amount of the award of child support which would result from application of the state guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, under criteria established by the state, shall be sufficient to rebut the presumption in that case.

**3.** The prior version of such guidelines was effective October 1, 1987.

**4.** *W.Va.Code,* 48A–2–8(a) was amended, effective July 7, 1989, to provide expressly for such a "rebuttable presumption," using language identi-

cal to the October, 1989 version of 42 *U.S.C.* § 667, *see supra* note 2.

*W.Va.Code,* 48A–2–8(a) now states that the guidelines shall not be followed (1) when the parties have knowingly and intelligently waived the child support award amount under the guidelines after disclosure of that amount, and the parties have agreed on another amount, or (2) when the amount of the child support award under the guidelines would be contrary to the best interests of the child(ren) or of the parties.

**5.** The prior version of the guidelines, in section 2.2 thereof, similarly stated that "[t]he guidelines must be followed by the Child Advocate Office, Family Law Master and Circuit Court Judge unless they set forth in writing reasons for not following the guidelines in the particular case involved."

the current version of the guidelines. In a very recent case the Supreme Court of Delaware had occasion to discuss the Melson formula. In *Dalton v. Clanton,* 559 A.2d 1197 (Del.1989), that court held that the Melson formula operates as a rebuttable presumption in all child support cases. Therefore,

> [i]n the event that the Family Court does not enter an order in accordance with the calculations otherwise provided for pursuant to the Melson Formula, traditional notions of jurisprudence require that it do two things. First, it must give the reasons for its conclusion that the presumptive applicability of the Melson Formula has been rebutted. Second, it must give reasons for the decision it does enter and which is in variance with the result that would otherwise follow from an application of the Melson Formula. These two requirements are indispensable to a meaningful appellate review.

*Id.,* at 1202 (citations omitted).

The *Dalton v. Clanton* opinion also contains these insightful and pertinent comments:

> [T]he Family Court's ultimate decision was rendered in conclusory terms, ...
>
> . . . .
>
> ... When the calculation according to the Melson Formula is mixed together with the specific facts in a case, the result must be equitable. If the result is inequitable, the presumption is rebutted, and the support calculation pursuant to the Melson Formula must yield to the extent that is necessary to balance the equities in the case.

In this case, the facts may, or may not, support a conclusion that the Father has sustained his burden of overcoming the presumptive applicability of the Melson Formula. The Family Court must make that determination, in the first instance. Only after the Family Court specifically recognizes the presumptive applicability of the Melson Formula and, thereafter, gives the reasons for its ultimate decision, can there be meaningful appellate review in this case.

*Id.,* at 1202.

■ Based upon all of the above, this Court holds that when a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with the established state guidelines, set forth in 6 *W.Va.Code of State Rules* §§ 78–16–1 to 78–16–20 (1988), unless the master or the court sets forth, in writing, specific reasons for not following the guidelines in the particular case involved. *W.Va.Code,* 48A–2–8(a), as amended.

■ Here, the trial court failed to state why the guidelines were not applicable. Accordingly, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded.