412 S.E.2d 495

**Calvin E. MOSS, Sr., Appellee,**

v.

**Kathleen BONNELL, Appellant.**

**No. 20061**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Dec. 12, 1991.

James M. Cagle, Charleston, for appellant.

Douglas B. Hunt, Hunt & Powell, Charleston, for appellee.

PER CURIAM:

Kathleen Bonnell appeals the final order of the Circuit Court of Kanawha County that modified the final divorce order between her and Calvin E. Moss, Sr., by reducing child support and changing visitation. On appeal, Mrs. Bonnell contends that the circuit court erred by failing to consider the child support guidelines when he reduced the child support paid by Mr. Moss from $100 to $50 per month, by expanding Mr. Moss's visitation rights, by awarding Mr. Moss, a nonlawyer acting *pro se*, $200 for costs and legal expenses, by holding Mrs. Bonnell in contempt of court and fining her $100 and by dismissing all other matters concerning the subject matter. In light of our holdings in *Gardner v. Gardner*, 184 W.Va. 260, 400 S.E.2d 268 (1990) and *Holley v. Holley*, 181 W.Va. 396, 382 S.E.2d 590 (1989), we reverse the circuit court and remand the case.

The parties were divorced on June 21, 1989 after a sixteen year marriage. The final divorce order awarded Mrs. Bonnell custody of the parties' only son, Calvin, Jr., who was then 12 years old, required Mr. Moss to pay $100 per month in child support and allowed Mr. Moss to have visitation every other weekend plus specific vacations and holidays. Shortly after the divorce, both parties remarried. The circuit court's order indicates that Mr. and Mrs. Bonnell have an approximate annual income of $42,500, and Mr. and Mrs. Moss with another son and an another child due in April 1990 have an approximate annual income of $21,000. No other financial information was provided in the record.

After the divorce, the parties continued to disagree in numerous areas including

visitation and child support.[1] Mr. Moss contends that Mrs. Bonnell refused to allow him to visit with his son for several months and in December 1989, he filed contempt charges. Mrs. Bonnell contends that Mr. Moss failed to pay child support for at least two months and in February 1990, she with help from the child advocate office attempted to institute wage withholding for the child support arrearage.

The matter was referred to a family law master who recommended that visitation be modified to give the child the option to end visitation after four (4) hours.

Both parties petitioned the circuit court to review the recommended decision. Mrs. Bonnell requested the review because the family law master held the child support arrearage problem in abeyance until the resolution of visitation and Mr. Moss requested the review to reduce his child support obligation. After a hearing[2], the circuit court issued an order dated April 10, 1990 that: (1) reduced Mr. Moss's child support payment from $100 to $50 per month, (2) expanded Mr. Moss's visitation to every weekend and half the vacations and holidays, (3) awarded Mr. Moss $200 for his costs and legal expenses, (4) fined Mrs. Bonnell $100 based on a finding of contempt, and (5) dismissed all other pending matters. By supplemental order dated April 16, 1990 the circuit court "put ... back in place the every other weekend 'concept' which had been previously ordered...."

Alleging problems with almost all aspects of the circuit court's order, Mrs. Bonnell appealed to this Court. Because we find merit in Mrs. Bonnell's appeal, we reverse the order of the circuit court and remand the case.

I

"The child support guidelines must be considered in every case concerning child support." *Wood v. Wood*, 184 W.Va. 744, 403 S.E.2d 761, 765 (1991); *Gardner, supra; Syllabus Point 4, *Wyatt v. Wyatt*, 185 W.Va. 472, 408 S.E.2d 51 (1991); *Wyant v. Wyant*, 184 W.Va. 434, 400 S.E.2d 869 (1990); *Bettinger v. Bettinger*, 183 W.Va. 528, 396 S.E.2d 709 (1990); *Holley, supra.* W.Va.Code, 48A–2–8(e) [1989], requires that the child support "guidelines shall have application to cases of divorce, paternity, actions for support, and modifications thereof." In *Holley, supra,* our first case addressing the importance of following the child support guidelines, we said:

When a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with established state guidelines, set forth in 6 W.Va.Code of State Rules §§ 78–16–1 to 78–16–20 (1988).

Syllabus, in part, *Holley, supra.*

As directed by *W.Va.Code,* 48A–2–8(a) [1989], the director of the child advocate office has established, by legislative rule, child support guidelines. The current version of the rules is 6 *W.Va.Code of State Rules* 78–16–1 to 78–16–20 [1988]. *W.Va. Code,* 48A–2–8(a) [1989] [3], creates a rebut-

---

1. In addition to the disputes involving visitation and child support, Mrs. Bonnell filed a complaint in the Kanawha County magistrate court alleging misdemeanor assault against Mr. Moss. After the April 10, 1990 order dismissed the assault charge, we issued a writ of prohibition to preclude enforcing the dismissal. *See, State ex rel. Forbes v. Kaufman,* No. 19781, slip op. (Nov. 30, 1990).

2. The transcript of the April 6, 1990 hearing was not part of the designated record.

3. *W.Va.Code,* 48A–2–8(a) [1989], states in pertinent part:

There shall be a rebuttable presumption, in any proceeding before a family law master or circuit court judge for the award of child

support, that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption in that case. The guidelines shall not be followed:

(1) When the child support award proposed to be made pursuant to the guidelines has been disclosed to the parties and each party has made a knowing and intelligent waiver of said amount, and the support obligors have entered into an agreement which provides for the custody and support of the child or children of the parties; or

table presumption that the amount of child support determined in accordance with the guidelines is correct and in order to rebut the presumption, the circuit court must make a written finding or a specific finding on the record that the application of the child support guidelines would be unjust or inappropriate. *Gardner, supra,* 184 W.Va. at 267, 400 S.E.2d at 275.

■ In Syllabus Point 2, *Wyant, supra,* we stated:

In order to facilitate appellate review of child support recommendations or orders, family law masters and/or circuit court judges must include as part of the record the worksheets reflecting the actual calculations which result from the application of the child support guidelines to the facts of a particular case.

*See also, Bettinger, supra,* 183 W.Va. at 541, 396 S.E.2d at 722; *Wood, supra,* 184 W.Va. at 749, 403 S.E.2d at 766.

■ In the present case without reference to the child support guidelines, the circuit court reduced the amount of child support from $100 to $50 per month. We also note that the record is silent on the child's needs. *See* Syllabus Point 2, *Gardner, supra,* in which we note that a substantial change in circumstances for modification can be shown by "increases in the children's needs because they are older. . . ." The order of the circuit court indicates that he considered the family incomes of both Mr. and Mrs. Bonnell and Mr. and Mrs. Moss rather than the income of the responsible parents. The child support guidelines require that the net income from each responsible parent or support obligor be considered in establishing the amount of child support. *See* 6 *W.Va.Code of State Rules* 78–16–2 [1988]. The child support guidelines' only consideration of the remarriage of a support obligor and the employment of the present spouse is in establishing the household's "presumptive minimum need." *See* 6 *W.Va.Code of State Rules* 78–16–17 [1988], which also establishes the

presumptive minimum needs for households that have several members.

Mr. Moss contends that the circuit court's order set forth sufficient findings to deviate from the child support guidelines. However, the circuit court failed to consider the amount of award established by the guidelines and thus is unable to justify why the application of the guidelines, which would have resulted in an unknown amount, would be "unjust or inappropriate." *W.Va.Code,* 48A–2–8(a) [1989].

On remand the circuit court should use the child support guidelines found in 6 *W.Va.Code of State Rules* 78–16–1 to 78–16–20 [1988], to determine the amount of support and include, as part of the record, worksheets reflecting the actual calculations that result from the application of the child support guidelines. The amount of support resulting from the application of the child support guidelines is the correct amount, unless the court, in a written finding or a specific finding on the record, determines that in this particular case the application of the guidelines would be unjust, inappropriate, waived pursuant to the safeguards outlined in *W.Va.Code,* 48A–2–8(a) [1989], or contrary to the best interest of the children or the parties. *W.Va.Code,* 48A–2–8(a) [1989].

II

■ Mrs. Bonnell also appeals the extended visitation granted by the circuit court alleging that it is in effect a joint custody arrangement. In *David M. v. Margaret M.,* 182 W.Va. 57, 385 S.E.2d 912, 927 (1989), we refused to authorize a court-order joint custody over the objection of a primary caretaker, although we noted that "parents may agree to such an arrangement." In Syllabus Point 4, *Lowe v. Lowe,* 179 W.Va. 536, 370 S.E.2d 731 (1988), we said:

A cardinal criterion for an award of joint custody is the agreement of the parties and their mutual ability to co-

(2) When the child support award proposed to be made pursuant to the guidelines would be contrary to the best interests of the child or

children, or contrary to the best interests of the parties.

operate in reaching shared decisions in matters affecting the child's welfare. *See also Gangopadhyay v. Gangopadhyay*, 184 W.Va. 695, 403 S.E.2d 712, 714 n. 6 (1991).

■ Although we agree with Mrs. Bonnell that the record indicates that she and her former husband are unable to co-operate in reaching shared decisions concerning the welfare of their son, we do not find that the visitation ordered by the circuit court is a joint custody arrangement.[4] The circuit court was concerned that Mr. Moss had not visited or communicated with his son for approximately six months and that "[u]ndue influence and pressure has been exerted by the mother to estrange [the] son from father during the past six months." Although the circuit court on April 10, 1990 ordered visitation expanded to every weekend, the order specifically said that Mrs. Bonnell was "the primary custodial parent." In addition by supplement order dated April 16, 1990, the circuit court order returned to the every other weekend visitation, as had been previously ordered by the family law master.

Because the circuit court did not order joint custody over the objection of the primary caretaker, we find no merit in this assignment of error.

### III

■ Next Mrs. Bonnell maintains that the circuit court abused its discretion in requiring her to pay $200 to Mr. Moss for his costs and legal expenses. *W.Va.Code*, 48–2–13(a)(4) [1986], states that "[t]he court many compel either party to pay attorney's fees and court costs reasonably necessary to enable the other party to prosecute or defend the action in the trial court." In Syllabus Point 14, *Bettinger, supra*, we said "[t]he purpose of W.Va. Code, 48–2–13(a)(4) (1986), is to enable a spouse who does not have financial resources to obtain reimbursement for costs and attorney's fees [incurred] [sic] during the course of the litigation."

■ Although the circuit court has considerable discretion in his award of attorneys' fees (*Sommerville v. Sommerville*, 179 W.Va. 386, 369 S.E.2d 459, 463 (1988)), a basic requirement of the award is a fee charged by an attorney. Mr. Moss acting *pro se* did not have to pay any attorneys' fees and an award for his attorneys' fees is an abuse of discretion.

■ However, Mr. Moss under *W.Va. Code*, 48–2–13(a)(4) [1986], is entitled to recover reasonable court costs because visitation with his son was denied. We are unable to determine from the record the amount of Mr. Moss' reasonable court costs. On remand, the circuit court looking "to the income of the spouses at the time of the final decree" (*Bettinger, supra*, 183 W.Va. at 543, 396 S.E.2d at 724), should determine and, if justified, award only Mr. Moss' reasonable court costs.

### IV

■ Mrs. Bonnell argues that the circuit court erred in holding her in contempt because she was not given notice of a hearing on the contempt charges and the family law master had made no recommendation on the contempt charges. Although the circuit court's order does not state why he found Mrs. Bonnell in contempt, the contempt appears to have arisen from Mrs. Bonnell's refusal to comply with court-ordered visitation. If Mrs. Bonnell refused to comply with visitation as ordered by the court, the finding of contempt would be justified provided that the issue was properly before the court.

*W.Va.Code*, 48–2–22(a) [1984], governs the procedure for contempt proceedings in domestic relations cases and requires "a verified petition for contempt, notice of hearing and hearing...." The record contains Mr. Moss' verified petitions for contempt but there is no notice of a hearing and no transcript of a hearing. *See infra* note 2.

---

4. In support of her argument that joint custody was ordered by the circuit court, Mrs. Bonnell's brief indicates that on May 17, 1990, the circuit court judge said: "It [his order] is a joint custody type of arrangement." No transcript of the May 17, 1990 hearing was provided for review.

Although *W. Va. Code*, 48A-4-1(i)(8) was amended in 1991 to require a circuit judge to hear contempt actions, at the time this case arose, the family law master had jurisdiction to hear a contempt action.[5] Although verified petition had been filed, the family law master's recommended decision made no finding or recommendation concerning the contempt charges.

Because of the issue of contempt for disregarding court-ordered visitation was not properly before the circuit court, we reverse. On remand, the circuit court, provided proper notice of a hearing is given, can now consider the issue of contempt for disregarding court-ordered visitation under *W. Va. Code*, 48A-4-1(i)(8) [1991].

## V

Finally, Mrs. Bonnell contends that the circuit court erred in dismissing all matters pending that were related to the subject matter. Specifically, Mrs. Bonnell contends that the circuit court was without authority to cancel the accrued child support payments.[6] Mr. Moss acknowledged that he had not paid child support for August 1989 and January 1990.

 In Syllabus Point 2, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987), we said:

The authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments.

*See Scott v. Wagoner*, 184 W.Va. 312, 314 n. 5, 400 S.E.2d 556, 558 n. 5 (1990); *Nancy Darlene M. v. James Lee M., Jr.*, 184 W.Va. 447, 400 S.E.2d 882, 888 (1990). *See also* Syllabus Points 1 and 3, *Goff, supra*.

■ Therefore, we find that the circuit court abused his discretion in dismissing all matters pending that were related to the subject matter.

For the above stated reasons, the judgment of the circuit court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

5. *W. Va. Code*, 48A-4-1(i) [1986], provided in pertinent part:

A circuit court or the chief justice thereof shall refer to the master the following matters for hearing to be conducted pursuant to section two [§ 48A-4-2] of this article:

* * * * * *

(8) After the first day of January, one thousand nine hundred eighty-seven, proceedings for the enforcement of support, custody, or visitation orders, including contempt, unless the alleged contemnor in such proceeding has a right to trial by jury which has not been waived; . . . .

*W. Va. Code*, 48A-4-1(i)(8) [1991], also provides for referrals to the family law master but reserves contempt hearings to the circuit judge by providing:

Proceedings for the enforcement of support, custody or visitation orders: Provided, That contempt actions shall be heard by a circuit judge.

6. *See infra* note 1, for a discussion of the dismissal of the misdemeanor assault charge, pending in magistrate court.