495 S.E.2d 852

**Barbara A. BURNS, Plaintiff Below, Appellant,**

v.

**Donald H. BURNS, Defendant Below, Appellee.**

No. 24018.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1997.

Decided Oct. 3, 1997.

However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

William J. Ihlenfeld, Wheeling, for Appellant.

Jonathan C. Bowman, James E. Seibert, Seibert & Kasserman, L.C., Wheeling, for Appellee.

PER CURIAM: [1]

This appeal arises from a child support order entered by the Honorable Judge Arthur M. Recht of the Circuit Court of Ohio County. In this appeal Barbara A. Burns, appellant/plaintiff, contends that the circuit court committed error in reducing the amount of child support payments. We agree and reverse.

### I.

On February 6, 1995 a divorce decree was entered by the circuit court which terminated the thirteen year marriage of Mrs. Burns and Donald H. Burns, appellee/defendant.[2] At the time of the divorce the parties had three minor children. Custody of the children was awarded to Mrs. Burns. The record indicates the issue of child support was addressed after entry of the divorce decree.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

2. The parties last lived together in 1992. Mrs. Burns had custody of the children during the period of separation.

On May 23, 1996 the family law master issued a recommended decision requiring Mr. Burns to pay child support for the years 1993, 1994, 1995, and 1996. The recommended decision permitted a reduction in child support to reflect a significant period of time, during each period, when the children were actually in the custody of Mr. Burns.[3] Mrs. Burns objected to the reduction. The circuit court by order entered November 4, 1996 adopted the family law master's recommended decision. In this appeal Mrs. Burns argues that the circuit court failed to follow the procedures for making a reduction in a child support award for the periods in question.

## II.

■ The standard of review appropriate in this case is set out in Syl. Pt. 1, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995). Mrs. Burns contends that the procedure for reducing child support payments was not followed by the courts below.[4] In the single syllabus of *Holley v. Holley*, 181 W.Va. 396, 382 S.E.2d 590 (1989), we held:

> When a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with the established state guidelines, set forth in 6 W.Va.Code of State Rules §§ 78–16–1 to 78–16–20 (1988), unless the master or the court sets forth, in writing, specific reasons for not following the guidelines in the particular case involved. W.Va.Code, 48A–2–8(a) [1989], as amended.[5]

*See also* Syl. Pt. 1, *Wood v. Wood*, 190 W.Va. 445, 438 S.E.2d 788 (1993). A review of the final order in the instant proceeding shows that the lower tribunals failed to comply with the requirement of *Holley* and *Wood*, that *specific* reasons accompany a departure from the child support guidelines. We, therefore, reverse the final order as to its reduction of

child support payments and remand for compliance with *Holley* and *Wood*.

Reversed and Remanded.

---

**3.** Pursuant to the reduction, Mrs. Burns was entitled to child support payments for 10.5 months in the years 1993, 1994, 1995 and 1996.

**4.** Mrs. Burns does not challenge the actual calculation of monthly child support payments. Her

argument goes merely to the reduction of the award.

**5.** The provision contained in W.Va.Code § 48A–2–8(a) (1989) has been recodified at W.Va.Code § 48A–1B–14(a) (1996).