# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas I. Palley,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0403** (Tucker County 15-P-5)

**Tucker County Commission,**
**Respondent Below, Respondent**

**FILED**

**April 21, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas I. Palley, pro se, appeals two orders of the Circuit Court of Tucker County. In the first order, entered on August 4, 2015, the circuit court directed the Tucker County Assessor ("County Assessor") to reassess petitioner's real property at 105 North Point Woods for the 2015 tax year and ordered that both parties shall bear their own costs.[1] In the second order, entered on March 24, 2016, the circuit court found that petitioner's property should be assessed at a value of $181,200 and denied petitioner's request for an injunction enjoining the Assessor from using his preferred method of assessing petitioner's property with regard to future tax years. Respondent Tucker County Commission ("County"), by counsel Raymond K. LaMora, III, filed a summary response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns real property at 105 North Point Woods in Tucker County, West Virginia, which consists of a residence and 2.17 acres of land. For the 2015 tax year, the County Assessor assessed petitioner's property at a total value of $292,500, comprising a value of $152,900, for his home and a value of $139,600 for the land. Petitioner sought review of the 2015 tax assessment

---

[1]Petitioner has timely appealed the August 4, 2015, order because it was a non-final order that did not become appealable until the entry of the final order on March 24, 2016. *See Riffe v. Armstrong*, 197 W.Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds by Moats v. Preston County Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999) (stating that "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders").

1

before the board of equalization and review, which upheld the assessment.

Petitioner subsequently appealed the 2015 tax assessment to the Circuit Court of Tucker County pursuant to West Virginia Code §§ 11-3-24 and 11-3-25. The circuit court held a hearing on June 15, 2015, at which the County Assessor's employee, Greg Stevens, testified as to the method of valuating petitioner's property:

A.      And[,] so we take the sales value—the sales price of the properties in a specific neighborhood and come up to the value of the land—land only—by pulling out the homes. The home values we get actual building values from the contractors in the area that are building new homes today. So[,] we get a modifier that gives us a building value.

Then[,] we pull that building value out of the sales cost of properties that sell in those years and that gives us the land value.

Petitioner contended that the $139,600 valuation the assessment method had produced for the value of his land was exaggerated given that, while he possessed a large lot, the restrictive covenants pertaining to his subdivision meant that he could never subdivide his lot. To support his contention, petitioner submitted an appraisal of his property by licensed appraiser Beverly Johnson, who gave the property a total value of $162,000 (using the sales comparison approach) or $168,788 (using the cost approach). Consequently, the circuit court asked Mr. Stevens to respond to the argument that the County Assessor's assessment method was overvaluing petitioner's property. Mr. Stevens conceded that the assessment method overvalues the property "[t]o a point," but also explained that, while some larger properties were being overvalued and some smaller properties were being undervalued, those variations were attributable to Tucker County bringing itself into compliance with state standards regarding property assessment. Mr. Stevens testified that, for four to five years, Tucker County had been "out of compliance," but that, for the previous year (2014), "we were in compliance for the first time." The County asked Mr. Stevens to clarify that "[t]he State allows up to a ten percent fluctuation so even last year you were within that ten percent?" Mr. Stevens answered, "Correct."

By order entered on August 4, 2015, the circuit court reversed the assessment of petitioner's property and directed the County Assessor to reassess the property, after which petitioner could file objections to the new assessment if necessary. The circuit court further ordered that the parties bear their own costs. The circuit court found that the County Assessor acted in good faith and found that petitioner's property "[was] somewhat unique by being a large lot in an otherwise small lot development[,] which has contributed to the valuation difficulties." The County Assessor reassessed petitioner's property at a total value of $216,300. Petitioner objected to the reassessed value as still overvaluing his property. At a March 16, 2016, hearing, petitioner proposed a total valuation of $181,000. The circuit court found petitioner's total valuation to be reasonable and ordered that it be the assessment on his property for the 2015 tax year. However, the circuit court denied a request by petitioner for an injunction enjoining the County Assessor from using his preferred method of assessing petitioner's property on the ground that the court had no authority regarding assessments for future tax years not then before it. The

circuit court entered an order memorializing its rulings from the March 16, 2016, hearing on March 24, 2016.

Petitioner now appeals the circuit court's ruling that he pay his own costs and its denial of an injunction enjoining the County Assessor from using his preferred method of assessing petitioner's property. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

<u>The circuit court properly refused to order the County to pay petitioner's costs.</u>

Petitioner contends that the circuit court erred in not awarding him his costs.[2] A court may order payment of reasonable costs incurred as the result of a party's "vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law." Syllabus, *Daily Gazette Co., Inc. v. Canady*, 175 W.Va. 249, 332 S.E.2d 262 (1985). The County argues that the circuit court did not err in ruling that the parties bear their own costs given that petitioner did not show any misconduct on the part of the County Assessor in the assessment of his property. We agree with the County based on findings made by the circuit court. The circuit court found that the County Assessor acted in good faith and that petitioner's property "[was] somewhat unique by being a large lot in an otherwise small lot development[,] which has contributed to the valuation difficulties." Therefore, we conclude that the circuit court did not err in refusing to order the County to pay petitioner's costs.

The circuit court properly denied
petitioner's request for an injunction regarding future tax years.

Petitioner contends that the circuit court should have granted his request for an injunction on the ground that it is inevitable that he and the County Assessor will disagree regarding future tax assessments of his property. The County counters that the circuit court properly denied an injunction enjoining the County Assessor from using his chosen method of assessment given that the assessment method conforms to state standards.[3] We apply the following standard for

---

[2]Petitioner includes in his estimate of costs "attorney's fees" from where he prepared his pleadings and appeared in court on his own behalf. However, in *Smith v. Bradley*, 223 W.Va. 286, 292, 673 S.E.2d 500, 506 (2007), we found that *pro se* litigants were ineligible for attorney's fees. *See also Moss v. Bonnell*, 186 W.Va. 301, 306, 412 S.E.2d 495, 500 (1991) (finding that "a basic requirement of [an award of attorney's fees] is a fee charged by an attorney").

[3]To counter this argument by the County, petitioner notes that Article ten, section one of the West Virginia Constitution requires that taxation be equal and uniform throughout the state. However, apart from repeating that truism throughout his arguments, petitioner fails to explain how the County Assessor's method of assessment violates Article ten, section one. Therefore, we (Continued . . .)

reviewing an order granting an injunction:

> Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse to modify, continue, or dissolve a temporary or a permanent injunction, whether preventative or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.

Syl. Pt. 5, *Foster v. Orchard Development Co., LLC*, 227 W.Va. 119, 705 S.E.2d 816 (2010) (internal quotations and citations omitted).

Petitioner acknowledges that the instant proceeding is an administrative appeal of the 2015 tax assessment of his property pursuant to West Virginia Code §§ 11-3-24 and 11-3-25. Within that context, the circuit court found that there was no basis for granting an injunction with regard to future tax years not then before it. We agree with the circuit court and find that it did not abuse its discretion in denying petitioner's request for an injunction.

For the foregoing reasons, we affirm the circuit court's August 4, 2015, order directing the parties to bear their own costs and its March 24, 2016, order denying petitioner's request for an injunction.

Affirmed.

**ISSUED:**   April 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

decline to address the issue given petitioner's failure to adequately brief it. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal").