310 S.E.2d 204

**Margaret Jane WAGONER**

v.

**Thomas Linn WAGONER.**

No. 15824.

Supreme Court of Appeals of
West Virginia.

Dec. 13, 1983.

David J. Joel, Wheeling, for appellant.

W.T. Weber, Jr., Weston, for appellee.

PER CURIAM:

Margaret Jane Wagoner appeals a final order of the Circuit Court of Lewis County, which awarded joint custody of her two minor children pursuant to her divorce from Thomas Linn Wagoner. She contests the trial judge's finding that her ex-husband was the primary caretaker parent, and the award of physical custody of the children to him during the school year. For the reasons set forth below, we reverse the circuit court and remand the case with directions.

In syllabus point 2 of *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), we established a gender-neutral standard for initial custody determinations:

"With reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit."

In deciding who is the primary caretaker, the court must determine which parent, before the divorce, took primary responsibility for the caring and nurturing of the child, including:

"(1) preparing and planning of meals; (2) bathing, grooming and dressing; (3) purchasing, cleaning, and care of clothes; (4) medical care, including nursing and trips to physicians; (5) arranging for social interaction among peers after school, i.e. transporting to friends' houses or, for example, to girl or boy scout meetings; (6) arranging alternative care, i.e. baby-sitting, day-care, etc.; (7) putting child to bed at night, attending to child in the middle of the night, waking child in the morning; (8) disciplining, i.e. teaching general manners and toilet training; (9) educating, i.e., religious, cultural, social, etc.; and, (10) teaching elementary skills, i.e., reading, writing and arithmetic."

*Garska*, 167 W.Va. at 69–70, 278 S.E.2d at 363. If this primary caretaker is found to be fit to have custody, the court has no discretion to award custody to the other parent:

"In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker." Syl. pt. 6, *Garska v. McCoy, supra.*

In the case before us, the parties were granted a divorce on the grounds of irreconcilable differences. The appellant asked for custody of their two children, then ages 3 and 4; her husband sought joint custody. Following two hearings, the trial judge found that both parents were fit to have custody, and that the father had been the primary caretaker parent during the marriage. On this basis, he awarded the father custody of the children during the school year, and gave the appellant custody during summer vacations. The appellant contends that the evidence was insufficient to establish that the appellee was the primary caretaker, and that the trial judge abused his discretion in so finding.

The evidence showed that from the birth of the first child to the time the younger child was seven months of age, the appellant was basically the sole caretaker parent, remaining at home with the children while her husband worked at various jobs. Financial difficulties prompted her to return to work as a registered nurse, on irregular shifts that did not always complement her husband's work schedule. As a result, the parties employed a series of babysitters for the children while the appellant was at work.

Three of these babysitters testified that they had observed the appellee doing laundry, cleaning the house, fixing meals, bathing the children and playing with them, and that the children seemed attached to their father. None of them, however, was present when the appellant was at home, so could not testify as to her activities. The appellee testified that he did the majority of the house cleaning, that both appellee and appellant shared equally in caring for the children's clothes, and that appellant spent more time out with the children, while appellee spent more time in the home. Appellee's evidence showed, however, that when he cared for the children, he often required the assistance of a babysitter.

The appellant introduced the testimony of her sister, the sister's fiance, and a family friend. All of them had observed the entire family together on many occasions, and each testified that when both parents were present the appellant usually took care of the children's needs. Appellant cleaned the house, did laundry, prepared meals and fed the children, changed diapers and handled toilet training, bathed them and put them to bed, nursed them when they were sick and took them to the doctor, played with and read to them, took them places, and gave birthday parties which her husband could not or did not attend. The appellant agreed with the testimony that the appellee did some of these tasks as well, especially after she returned to work. However, appellee's primary ac-

tivities around the house consisted of yard work, repairs and such.

The preponderance of the evidence shows that the appellant was the primary caretaker of the infant children, and the trial judge was clearly wrong in finding otherwise. Because his division of custody was based upon this erroneous conclusion, it must be changed. The children should be placed in the custody of the appellant during the school year; the appellee should have protracted visitation rights which may, in the discretion of the trial judge, include the whole summer vacation and other vacations. Legal custody, however, must be vested in the primary caretaker, appellant.

Accordingly, the judgment of the Circuit Court of Lewis County is reversed and set aside, and the case is remanded with directions to enter an order awarding physical custody of the minor children to Margaret Jane Wagoner, under the terms and conditions stated herein.

Reversed and remanded.