370 S.E.2d 731

**Brenda LOWE**

v.

**Robert LOWE, II.**

**No. CC974.**

Supreme Court of Appeals of
West Virginia.

July 1, 1988.

Cynthia G. Bowles, Martinsburg, for appellee.

Steven M. Askin, Martinsburg, for appellant.

McGRAW, Justice:

■ This proceeding involves a question certified to this Court by the Circuit Court of Berkeley County pursuant to West Virginia Code § 58-5-2 (Supp.1987). That court asks whether, in a divorce action, it has the authority to grant joint custody of minor children to the parties. We find that under West Virginia Code § 48-2-15 (1986 Replacement Vol.), a circuit court may, in the divorce order, provide for joint custody of minor children when the parties so agree and when, in the discretionary judgment of the circuit court, such an agreement promotes the welfare of the child.

The appellee filed for divorce on September 11, 1985. During most of the protracted pendency of this action, the child was declared a ward of the court, but remained in the marital home with the parents alternating occupancy every three days. At a hearing before a family law master on March 12, 1987 the parents reached a complex joint custody agreement, which was incorporated into the master's recommendation to the circuit court. A dispute arose several weeks later as to interpreting the agreement, and the Appellee filed a "Petition for Review" with the circuit court questioning the validity of the joint custody agreement. Before reaching the validity of the parties' proposed custody agreement, the circuit court questioned its authority to grant joint custody under any circumstances and the parties jointly moved to certify the question to this Court.

Code § 48-2-15 controls the relief which may be ordered by a circuit court granting a divorce. *See State ex rel. Watson v. Rodgers,* 129 W.Va. 174, 39 S.E.2d 268 (1946); *see also Bego v. Bego,* 177 W.Va. 74, 350 S.E.2d 701 (1986). Upon ordering a divorce, "[t]he court may provide for the custody of minor children of the parties, ... as may be appropriate under the circumstances." W.Va.Code § 48-2-15(b)(1).[1] Thus, the Legislature has chosen to vest considerable discretion in the courts in so far as custody decisions are concerned.

■ The principle has long been established that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin,* 131 W.Va. 302, 47 S.E.2d 221 (1948); *see* Syl. Pt. 1, *Holestein v. Holestein,* 152 W.Va. 119, 160 S.E.2d 177 (1968); Syl. Pt. 1, *Settle v. Settle,* 117 W.Va. 476, 185 S.E. 859 (1936). In cases where the issue of custody is contested, we presume that it is in the best interest of a child of tender years to be placed with the primary caretaker, if he or she is fit, Syl. Pt. 2, *Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (1981), and the discretion of the circuit court is limited.

In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker.

Syl. Pt. 6, *id.* Thus, this Court has repeatedly found joint custody to be inappropriate when each parent seeks exclusive custody of the child or either parent contests the other parent's petition for custody. *M.S.P. v. P.E.P.,* 178 W.Va. 183, 358 S.E.2d 442 (1987); *Rose v. Rose,* 176 W.Va.

---

1. The quote above leaves out a cumbersome phrase regarding visitation rights. While the language of this provision is clear and needs no construction, we agree with the Appellant that other language in the domestic relations statute contemplates the possibility of rulings granting custody other than to an individual parent.

18, 340 S.E.2d 176 (1985); *Wagoner v. Wagoner*, 172 W.Va. 687, 310 S.E.2d 204 (1983).

 When, however, joint custody is sought by both parents, other considerations apply. The Supreme Court of New Jersey has observed that "[a]t the root of the joint custody arrangement is the assumption that children in a unified family setting develop attachments to both parents and the severance of these attachments is contrary to the child's best interest." *Beck v. Beck*, 86 N.J. 480, 487, 432 A.2d 63, 66 (1981).[2] In determining if joint custody is appropriate, a court must make a sufficient factual inquiry to insure that such an arrangement is, indeed, in the best interest of the child. Additionally, "a cardinal criterion for an award of joint custody is the agreement of the parties and their mutual ability to co-operate in reaching shared decisions in matters affecting the child's welfare." Annotation, *Propriety of Awarding Joint Custody of Children*, 17 A.L.R. 4th 1013, 1016 (1982).

Courts attempt to conform the relief granted in a divorce order with the separation agreement reached by the parties, if such agreement is fair, reasonable, and enforceable. W.Va.Code § 48–2–16(a) (1986 Replacement Vol.). Such an agreement, however, cannot be binding on a court in determining custody issues, since the welfare of the child controls this determination. Nevertheless, when the parties to a divorce action propose shared custody, they should submit to the Court a joint parenting agreement specifying each parent's powers, rights, and responsibilities and proposing procedures for making changes to the agreement or for mediating or otherwise resolving disputes and alleged breaches. The court shall then consider the proposed joint parenting agreement in

making its custody decision and shaping the relief granted in the divorce order.

In this case, the circuit court must inquire as to whether the parties can agree and cooperate sufficiently so as to make joint custody feasible. The briefs submitted to this Court indicate possible difficulties in obtaining such a meeting of the minds of the parties. If feasibility of agreement and cooperation is established, the court must also determine whether the joint custody arrangement proposed by the parties is in the best interest of the child.

Answered and Dismissed.

---

**2.** Legislatures have recognized a child's need for closeness with both parents and have encouraged joint parental responsibility, 1977 Wis. Laws, ch. 105, § 1(2), and have expressed a "statutory preference for arrangements which maximize the involvement of both parents in the welfare of the child," Notes, ch. 40 § 602.1, p. 30 (Supp.1988). As was stated long ago

the greatest benefit a court can bestow upon children is not so much to be found in determining which parent shall enjoy their physical custody as it is in insuring that the children shall not only retain the love of both parents, but shall be at all times and constantly deeply imbued with love and respect for both parents.
*Bierck v. Bierck*, 123 A. 537, 538 (N.J. Ch.1923).