422 S.E.2d 636

**Alice R. McDOUGAL, Plaintiff Below, Appellant,**

v.

**James A. McDOUGAL, Defendant Below, Appellee.**

**No. 20780.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Oct. 9, 1992.

Douglas A. Cornelius, Clarksburg, for appellant.

Lou Ann Holland, Fairmont, for appellee.

PER CURIAM:

Alice R. McDougal, the plaintiff below, appeals two orders of the Circuit Court of Marion County, dated April 15, 1991, and August 15, 1991, which, over the plaintiff's objection, awarded the plaintiff and the defendant below, James A. McDougal, joint legal custody of their two infant children. The plaintiff contends that the circuit court erred in refusing to adopt the finding of the family law master which recommended that she be awarded sole custody of the children. A further contention made by the plaintiff is that the circuit court erred in refusing to make a finding and conclusion that the plaintiff was entitled to a divorce on the ground of the defendant's adultery. Instead, the trial court granted a divorce on the fault-based ground of desertion.

## I.

The parties were married on July 20, 1963, and had five children, two of whom were under the age of eighteen years when this action was commenced. The parties last lived together in Marion County on January 9, 1989. At that time, the defendant left their home to take up residence with another woman who had previously given birth to twins. The defendant has admitted the paternity of these infants and that he bears the majority of fault for the marital breakup. Since the divorce, the defendant has married the mother of the twins.

The plaintiff first brought an action for separate maintenance, but subsequently amended the complaint to include a request for divorce. As grounds for divorce, the plaintiff alleged that the defendant was guilty of desertion and adultery and that the parties had lived separate and apart for more than one year. The defendant counterclaimed for divorce on the grounds of cruel and inhuman treatment and living separate and apart for more than one year.

Following hearings, the family law master filed a "Recommended Order of Divorce" finding that the plaintiff was the primary caretaker of the children, was a fit and proper parent, and should be granted custody of the children. The family law master recommended that a divorce should

be awarded on the ground of separation for more than one year. The plaintiff filed a written petition for review, and the circuit court conducted a hearing on the petition on June 5, 1990. The circuit court then made various findings of fact and conclusions of law granting the plaintiff a divorce on the fault-based ground of desertion. However, the circuit court refused to make a finding that the plaintiff was entitled to a divorce on the ground of adultery.

At this hearing, the defendant presented an oral petition for review as to custody of the children, and the circuit court considered this petition over the plaintiff's objection. After hearing the defendant's argument in support of his oral petition, the circuit court, over the plaintiff's objection, directed the parties and their children to be interviewed by a clinical psychologist. This was done, and a report was submitted to the circuit court.

On September 25, 1990, the defendant filed a "Motion for Reconsideration of Custody." A hearing was conducted on this motion on October 19, 1990, at which time one of the children of the parties was interviewed *in camera* by the circuit court. Following this interview, the circuit court directed that this child again be interviewed by the psychologist.

On November 27, 1990, the circuit court received a written report from the psychologist, and the hearing in these matters resumed on December 14, 1990. At the conclusion of the hearing, the circuit court, over the plaintiff's objection, modified the previous custody order and awarded the parties' "joint legal custody" of the children, with the plaintiff to have "temporary physical custody" and the defendant to have specified periods of visitation. The circuit court also announced that it would conduct a final hearing on the issue of permanent child custody in June of 1991.

Following a hearing on June 14, 1991, the circuit court announced its decision not to alter its previous award of "joint legal custody" as specified in the April 15, 1991 order. The plaintiff now appeals both the order granting a divorce on the ground of desertion and the order granting the parties joint legal custody of the children.

## II.

We first addressed the issue of joint custody of a minor child in *Lowe v. Lowe*, 179 W.Va. 536, 370 S.E.2d 731 (1988), which presented a certified question from the Circuit Court of Berkeley County. In *Lowe*, the child had been declared a ward of the court during the protracted pendency of the divorce action, but had remained in the marital home, with the parents alternating occupancy every three days. At a hearing before the family law master, the parties were able to reach a complex joint custody agreement which was incorporated into the family law master's recommendation to the circuit court.

When a dispute arose involving the interpretation of the agreement, a petition for review was filed with the circuit court. However, the circuit court questioned its authority to grant joint custody under any circumstances, and the matter was certified to this Court.

After reviewing the matter, this Court concluded that joint custody could be granted and stated in Syllabus Point 1 of *Lowe*:

"Under West Virginia Code § 48-2-15 (1986 Replacement Vol.), a circuit court may, in the divorce order, provide for joint custody of minor children when the parties so agree and when, in the discretionary judgment of the circuit court, such an agreement promotes the welfare of the child."

While finding that joint custody may be granted, we concluded that in granting the same, the circuit court should make a sufficient factual inquiry to ensure that the arrangement would be in the best interest of the child. In order for this type of arrangement to work, it is imperative that the parents be able to cooperate with each other in regard to child-rearing matters. In Syllabus Point 4 of *Lowe*, we stated:

"A cardinal criterion for an award of joint custody is the agreement of the parties and their mutual ability to co-

operate in reaching shared decisions in matters affecting the child's welfare."

The matter of joint custody was again before this Court in *David M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989). In that case, the mother appealed from a circuit court order finding that although she was the primary caretaker of the child, she was not a fit and suitable person to have permanent care and custody of the child. While we reversed this case and granted custody solely to the mother, we did address the matter of joint custody. In that regard, we stated:

"Under joint custody, divorced parents have equal time with the children and equal say in decisions about their schooling, religious training and lifestyle....

"Joint custody works well when both parents live in the same neighborhood or at least in the same city, and so long as they can cooperate on child-rearing matters.... When joint custody is by agreement, the same cooperative spirit that animated the underlying agreement will usually allow the parents to rear a child with no more antagonism than is experienced in most married households." 182 W.Va. at 71, 385 S.E.2d at 926–27. (Footnote omitted).

However, we also found that joint custody would be inappropriate if a the primary caretaker parent objected and stated in Syllabus Point 8 of *David M.*:

"We do not authorize court-ordered joint custody over the objections of a primary caretaker parent although parents may agree to such an arrangement."

In the matter presently before the Court, the parties do not even live in the same state. The defendant contends that the purpose of the joint custody was "to permit him access to school and medical records, etc. of the children and permit[ ] him to consent to medical care when the children are visiting with him." We did not find this to be one of the purposes of joint custody in our cases discussing the same. It is the view of this Court that a parent does not need to have legal custody of a child in order to obtain this information.

This information should be available to either parent regardless of legal custody.

We conclude that the circuit court erred in granting joint legal custody to the parties. Moreover, we find that it was entirely inappropriate for the circuit court to have considered the joint custody question in the first place. The circuit court's finding that the plaintiff was the primary caretaker, and her objection to joint custody should have prevented further inquiry under Syllabus Point 8 of *David M., supra.* Rather than follow the clear mandate of *David M.*, the circuit court consumed a year in psychological tests and hearing on this nonissue.

### III.

We decline to rule on the adultery question in this case for several reasons. First, there was a recognition of a fault ground in the divorce proceeding. No claim is made that alimony would be enhanced by a further fault finding based on adultery. From a legal standpoint, we have held that where the judgment of a trial court rests on one of several valid legal theories that do not affect damages, it will not be reversed because both theories were not considered or one was inadequate. *See Keller v. Hartman*, 175 W.Va. 418, 333 S.E.2d 89 (1985); *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984).

### IV.

The judgment of the Circuit Court of Marion County is, therefore, affirmed, in part, reversed, in part, and remanded with directions that the plaintiff be granted sole custody of the children with specified periods of visitation granted to the defendant.

Affirmed, in part, Reversed, in part, and Remanded.