495 S.E.2d 851

**CHERYL V., Plaintiff Below, Appellant,**

v.

**JIMMY V., Defendant Below, Appellee.**

No. 24032.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1997.

Decided Oct. 3, 1997.

Jerry Blair, Huntington, for Appellant.

W. Stanley James, Huntington, for Appellee.

PER CURIAM: [1]

This appeal arises from an order of the Circuit Court of Wayne County denying a

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions.

request by Cheryl V, appellant/plaintiff, to modify a joint custody order previously entered in this case. Cheryl V. contends on appeal that it was error for the circuit court to refuse to modify the custody order.

## I.

The relevant facts in this case show that Cheryl V. and Jimmy V., appellee/defendant, were granted a divorce by a final order entered April 6, 1995. The divorce decree incorporated a recommendation by the family law master that the parties have joint custody of their two children. Cheryl V. filed a petition for modification of child custody in 1996, seeking sole custody of the children. During the modification proceeding the evidence showed that Cheryl V. did not agree to the joint custody arrangement, no joint parenting agreement was made and that Cheryl V. and Jimmy V. do not communicate. By order entered October 1, 1996, the circuit court denied Cheryl V.'s request to grant her sole custody of the children. On appeal Cheryl V. contends the circuit court failed to follow the criteria for determining the appropriateness of joint custody. We agree and therefore reverse and remand this case.

## II.

We set out the standard of review applicable to divorce child custody matters in Syl. Pt. 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975). *See also* Syl. Pt. 1, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995). In reviewing the record in this case we are convinced that the circuit court failed to follow the well-established criteria for a joint custody order. *See Lowe v. Lowe*, 179 W.Va. 536, 370 S.E.2d 731 (1988); Syl. Pt. 8 & 9, *David M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989). We, therefore, reverse and remand this case, with directions that the circuit court appoint a guardian ad litem for the children and hold a hearing on the modification petition consis-

However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

tent with this opinion, within sixty days of this decision.[2]

Reversed and Remanded.

2. "A child has ... right to independent representation on matters affecting his or her substantial rights and interests." Syl. Pt. 3, *Cleo A.E. v. Rickie Gene E.*, 190 W.Va. 543, 544, 438 S.E.2d 886, 887 (1993).